UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | : | |
|---|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In Re: CERAMIC SUBSTRATES | : : : | |
| THIS RELATES TO: Direct Purchaser Actions | : : : | 2:17-cv-13785-MOB-MKM |

**DENSO CORPORATION AND DENSO INTERNATIONAL AMERICA, INC.'S MOTION TO DISMISS DIRECT PURCHASER PLAINTIFFS' COMPLAINT**

Defendants DENSO Corporation and DENSO International America, Inc. (collectively, "DENSO" or the "DENSO Defendants") respectfully move this Court for an Order pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) dismissing all claims against DENSO in the Direct Purchaser Plaintiffs' Class Action Complaint (ECF No. 1) ("Complaint"). The DENSO Defendants rely on the attached Memorandum of Law in support of their motion.

As required by Local Rule 7.1(a), counsel for the DENSO Defendants sought concurrence from counsel for the Direct Purchaser Plaintiffs on July 6, 2018. During that call, counsel for DENSO explained the nature of this motion and requested, but did not obtain, concurrence in the relief sought.

Respectfully submitted,

WILMER CUTLER PICKERING
HALE AND DORR LLP

July 6, 2018                    By:     */s/ Steven F. Cherry*
                                        Steven F. Cherry
                                        David P. Donovan
                                        Seth Bastianelli
                                        WILMER CUTLER PICKERING
                                         HALE AND DORR LLP
                                        1875 Pennsylvania Avenue, NW
                                        Washington, D.C. 20006
                                        Tel.: (202) 663-6000
                                        Fax: (202) 663-6363
                                        steven.cherry@wilmerhale.com
                                        david.donovan@wilmerhale.com
                                        seth.bastianelli@wilmerhale.com

                                        *Attorneys for Defendants DENSO Corporation
                                        and DENSO International America, Inc.*

                                        Steven M. Zarowny (P33362)
                                        General Counsel
                                        DENSO International America, Inc.
                                        24777 Denso Drive
                                        Southfield, MI 48033
                                        Tel.: (248) 372-8252
                                        Fax: (248) 213-2551
                                        steve_zarowny@denso-diam.com

                                        *Attorney for Defendant DENSO International
                                        America, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : Master File No. 12-md-02311<br>: Honorable Marianne O. Battani |
| In Re: CERAMIC SUBSTRATES | : |
| THIS RELATES TO:<br>Direct Purchaser Actions | : 2:17-cv-13785-MOB-MKM |

**MEMORANDUM IN SUPPORT OF**
**DENSO CORPORATION AND DENSO INTERNATIONAL AMERICA, INC.'S**
**MOTION TO DISMISS DIRECT PURCHASER PLAINTIFFS' COMPLAINT**

## STATEMENT OF THE ISSUES PRESENTED

Should Direct Purchaser Plaintiffs' claims against DENSO be dismissed for lack of Article III standing and failure to state a claim because DENSO never sold any products to Plaintiffs, Plaintiffs operate only in industrial emissions control markets, and DENSO did not operate in those markets?

**ANSWER:** Yes

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Tini Bikinis-Saginaw, LLC v. Saginaw Charter Twp.*, 836 F. Supp. 2d 504, 514 (E.D. Mich. 2011)

# **TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED ........................................................................... i
STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES ................... ii
INTRODUCTION ............................................................................................................. 1
STATEMENT OF FACTS ................................................................................................ 1
STANDARDS OF REVIEW ............................................................................................. 2
ARGUMENT .................................................................................................................... 3
I.    THE CLAIMS AGAINST DENSO SHOULD BE DISMISSED FOR LACK OF STANDING ................................................................................................................ 3
II.   THE CLAIMS AGAINST DENSO SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ..................................................................................................... 4
CONCLUSION ................................................................................................................. 6

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Am. Canoe Ass'n, Inc. v. City of Louisa Water & Sewer Comm'n,*
   389 F.3d 536 (6th Cir. 2004) .................................................................................3

*Arbaugh v. Y&H Corp.,*
   546 U.S. 500 (2006)...............................................................................................2

*In re Bearings,*
   50 F. Supp. 3d 836, 847 (E.D. Mich. 2014) (Battani, J.)......................................3

*Bushman v. Fidelity Nat'l Title Ins. Co.,*
   No. 14-CV-10011, 2014 WL 4181974 (E.D. Mich. Aug. 21, 2014).....................3

*Carrier Corp. v. Outokumpu Oyj,*
   673 F.3d 430 (6th Cir. 2012) .................................................................................3

*City of Monroe Emps. Ret. Sys. v. Bridgestone Corp.,*
   399 F.3d 651 (6th Cir. 2005) .................................................................................4

*Duncan v. Muzyn,*
   885 F.3d 422 (6th Cir. 2018) .................................................................................2

*Fallick v. Nationwide Mut. Ins. Co.,*
   162 F.3d 410 (6th Cir. 1998) .................................................................................3

*Forest City Residential Mgmt., Inc. ex rel. Plymouth Square Ltd. Dividend*
   *Housing Ass'n v. Beasley,*
   71 F. Supp. 3d 715, 722 (E.D. Mich. 2014).........................................................2

*United States v. Ritchie,*
   15 F.3d 592 (6th Cir. 1994) ...................................................................................2

*Spokeo, Inc. v. Robins,*
   136 S. Ct. 1540 (2016)...........................................................................................2

*Thomas v. Noder-Love,*
   621 F. App'x 825 (6th Cir. 2015) .........................................................................4

*Tini Bikinis-Saginaw, LLC v. Saginaw Charter Tp.,*
   836 F. Supp. 2d 504 (E.D. Mich. 2011)................................................................2

**Rules**

Fed R. Civ. P. 12(b)(1)................................................................................................2

Fed R. Civ. P. 12(b)(6)..................................................................................................3

# INTRODUCTION

As detailed in Defendants' Joint Motion to Dismiss (ECF No. 28), Plaintiffs Nett Technologies Inc. ("Nett") and Airflow Catalyst Systems, Inc. ("Airflow") are not automotive original equipment manufacturers but rather are companies operating in the industrial emissions control markets (*i.e.*, emissions control for mining, marine, and other industrial equipment) and thus do not have standing and have failed to state a claim against all Defendants. In addition to the grounds stated in the Joint Motion, the Court should dismiss the Complaint as to the DENSO Defendants for two reasons: (1) Plaintiffs lack Article III standing against DENSO because DENSO not only has never sold any products to Plaintiffs, but it also did not manufacture or sell Ceramic Substrates in the industries in which Plaintiffs operate and thus Plaintiffs could not have been harmed as a consequence of DENSO's sale of Ceramic Substrates and (2) Plaintiffs have failed to state a claim against DENSO given that they have not alleged that DENSO operates in the industrial markets in which Plaintiffs operate—nor could they.

# STATEMENT OF FACTS

As detailed in Defendants' Joint Motion to Dismiss, both named Plaintiffs operate in the industrial emissions control markets. *See* ECF No. 28. Airflow makes and sells industrial equipment that provides "a targeted [product] portfolio of diesel oxidation catalysts and diesel particulate filters" for the underground mining and marine industries. ECF Nos. 28-2-28-4. Similarly, Nett makes and sells emissions control products in the construction, mining, material handling, power generation, utility, marine, locomotive, and gantry crane markets. ECF No. 28-6.

DENSO did not sell any products to either Airflow or Nett during the class period. *See* Ex. A, Declaration of Akihiko Onishi; Ex. B, Declaration of Ronald P. Clogg. In fact, DENSO did

not sell Ceramic Substrates to *any* customers in the industrial emissions control markets in which Plaintiffs operate. *See id.*

## STANDARDS OF REVIEW

A court must dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) where a plaintiff has failed to meet his burden to prove that the court has subject-matter jurisdiction to hear his case. Fed. R. Civ. P. 12(b)(1); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."). A Rule 12(b)(1) motion may bring a substantive challenge to the underlying factual basis for a claim of subject-matter jurisdiction. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "When the Court reviews a factual attack on subject matter jurisdiction, no presumption of truthfulness applies to the factual allegations of the complaint." *Tini Bikinis-Saginaw, LLC v. Saginaw Charter Twp.*, 836 F. Supp. 2d 504, 514 (E.D. Mich. 2011). "The Court may rely on affidavits or any other evidence properly before it." *Id.*

Defendants are permitted to bring a Rule 12(b)(1) motion based on lack of Article III standing because a lack of standing shows a lack of subject-matter jurisdiction. *See, e.g.*, *Forest City Residential Mgmt., Inc. ex rel. Plymouth Square Ltd. Dividend Housing Ass'n v. Beasley*, 71 F. Supp. 3d 715, 722 (E.D. Mich. 2014). To establish Article III standing, Plaintiffs must show they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *see also Duncan v. Muzyn*, 885 F.3d 422, 427 (6th Cir. 2018). A plaintiff's claim of injury must be carefully examined to ensure that the claimed injury is both "particularized," in that the injury affects the plaintiff in both a personal and individual way, and "concrete," in that it is "real, and not abstract." *See Spokeo*, 136 S. Ct. at 1547-49. The

2

traceability analysis "exists to eliminate those cases in which a third party . . . causes the injury." *Am. Canoe Ass'n, Inc. v. City of Louisa Water & Sewer Comm'n*, 389 F.3d 536, 542 (6th Cir. 2004). Finally, Plaintiffs in class actions must show standing as to each Defendant. *See, e.g.*, *Bushman v. Fidelity Nat'l Title Ins. Co.*, No. 14-CV-10011, 2014 WL 4181974, at *2 (E.D. Mich. Aug. 21, 2014) ("In a class action (or potential class action), the individual standing of each named plaintiff vis-à-vis each defendant is a threshold issue." (internal quotation marks omitted)); *see also Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998).

A complaint is subject to dismissal pursuant to Rule 12(b)(6) when it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[I]t is not enough merely to plead a set of facts 'consistent with' a claim to relief; there must also be enough 'factual enhancement' to 'nudge [the] claim[ ] across the line from conceivable to plausible.'" *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 444 (6th Cir. 2012) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007)); *see also In re Bearings*, 50 F. Supp. 3d 836, 847 (E.D. Mich. 2014) (Battani, J.) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").

## ARGUMENT

### I. THE CLAIMS AGAINST DENSO SHOULD BE DISMISSED FOR LACK OF STANDING

Defendants' Joint Motion to Dismiss establishes that Plaintiffs' are unable to establish Article III standing to bring claims against all Defendants based on the conspiracy alleged in the Complaint. In addition to those grounds for dismissal, DENSO asserts a separate challenge to Plaintiffs' standing to assert any claim against DENSO based upon the facts that DENSO has never sold any products to Plaintiffs and does not manufacture or sell Ceramic Substrates in the industrial emissions control markets in which Plaintiffs operate. Therefore, even if Plaintiffs did allege facts

sufficient to show a conspiracy directed at the market for *industrial* emissions control products (which they do not), Plaintiffs do not allege facts sufficient to show that DENSO participated in any such conspiracy and thus that injury would not be fairly traceable to DENSO because DENSO does not manufacture or sell ceramic substrates in that market.

Airflow makes and sells industrial equipment that provides diesel oxidation catalysts and diesel particulate filters for the underground mining and marine industries and Nett makes and sells emissions control products in the construction, mining, material handling, power generation, utility, marine, locomotive, and gantry crane markets. Plaintiffs allege that DENSO sold Ceramic Substrates to *automakers*. But Plaintiffs do not allege that DENSO sold Ceramic Substrates in the underground mining, marine, construction, material handling, power generation, utility, locomotive, or gantry crane industries, nor can they. In fact, DENSO has never sold Ceramic Substrates for these industrial purposes. *See* Ex. A, Declaration of Akihiko Onishi; Ex. B, Declaration of Ronald P. Clogg. Thus, Plaintiffs could not possibly have been harmed by DENSO because DENSO did not participate in the markets in which Plaintiffs were operating.

## II.     THE CLAIMS AGAINST DENSO SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Plaintiffs' claims against DENSO should also be dismissed because the Complaint fails to state a claim as to the DENSO Defendants. As detailed in the Joint Motion to Dismiss, the only claim Plaintiffs could possibly pursue is one based on the sale of industrial ceramic substrates because they operate solely in the industrial emissions control markets.[1] But Plaintiffs instead

---

[1] As outlined in Defendants' Request for Judicial Notice (ECF No. 28-1), the Court may rely on matters subject to judicial notice when evaluating a motion to dismiss for failure to state a claim. *See, e.g.*, *Thomas v. Noder-Love*, 621 F. App'x 825, 829 (6th Cir. 2015). Plaintiffs' own websites are subject to judicial notice. *See, e.g.*, *City of Monroe Emps. Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 655 n.1 (6th Cir. 2005) (taking judicial notice of private website in identifying market in which plaintiffs' stock traded).

have focused their entire Complaint on the automotive market.  Plaintiffs' Complaint not only defines "Ceramic Substrates" as products used in automotive catalytic converters, see Compl. ¶ 3, but it further repeatedly specifies that Defendants accomplished their alleged conspiracy by fixing prices of Ceramic Substrates by rigging bids submitted to automobile manufacturers.  *See, e.g.*, Compl. ¶¶ 5, 65.  Indeed, the gravamen of Plaintiffs' Complaint is that Defendants, "[t]hrough meetings and communications that took place in the United States and elsewhere," conspired to "restrict competition for bids and price quotations for Ceramic Substrates submitted to *automobile* manufacturers and agreed to rig bids and allocate the supply of Ceramic Substrates sold in the United States and elsewhere."  Compl. ¶¶ 64-65 (emphasis added).

But even if Plaintiffs had brought a claim about the industrial markets in which they participate, such a claim could not be made against DENSO.  Plaintiffs do not allege that DENSO ever made or sold Ceramic Substrates for industrial markets.  Nor could they, as DENSO does not manufacture or sell Ceramic Substrates for such markets.  *See* Ex. A, Declaration of Akihiko Onishi; Ex. B, Declaration of Ronald P. Clogg.  This Court has dismissed claims against Defendants when the Defendant did not manufacture or sell products in the relevant markets.  *See* Opinion and Order Granting Motion to Dismiss Truck and Equipment Dealership First Amended Class Action Complaint, No. 2:14-cv-14451-MOB-MKM, ECF No. 91 (Dec. 30, 2015), at 7-8 (dismissing Truck and Equipment Dealer Plaintiff claims against Fujikura because Fujikura "did not manufacture or sell wire harnesses to be installed in Trucks and Equipment"); Opinion and Order Granting Motion to Dismiss Truck and Equipment Dealership First Amended Class Action Complaint, No. 2:14-cv-14451-MOB-MKM, ECF No. 93 (Dec. 30, 2015), at 9 (dismissing claims against MELCO "given the lack of a plausible allegation that [MELCO] even competed in the Truck and Equipment market").  Similarly, Plaintiffs' claims against DENSO should be dismissed.

5

## **CONCLUSION**

For the reasons set forth above, DENSO respectfully requests that the Court dismiss all claims brought by Plaintiffs against the DENSO Defendants.

Respectfully submitted,

WILMER CUTLER PICKERING
 HALE AND DORR LLP

July 6, 2018  By:  */s/ Steven F. Cherry*
Steven F. Cherry
David P. Donovan
Seth Bastianelli
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
steven.cherry@wilmerhale.com
david.donovan@wilmerhale.com
seth.bastianelli@wilmerhale.com

*Attorneys for Defendants DENSO Corporation and DENSO International America, Inc.*

Steven M. Zarowny (P33362)
General Counsel
DENSO International America, Inc.
24777 Denso Drive
Southfield, MI 48033
Tel.: (248) 372-8252
Fax: (248) 213-2551
steve_zarowny@denso-diam.com

*Attorney for Defendant DENSO International America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2018, I caused the foregoing DENSO Corporation and DENSO International America, Inc.'s Motion to Dismiss Direct Purchaser Plaintiffs' Complaint to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filings to all counsel of record.

*/s/ Steven F. Cherry*
Steven F. Cherry
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
steven.cherry@wilmerhale.com
