UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Sean F. Cox |
| IN RE: CERAMIC SUBSTRATES | |
| THIS DOCUMENT RELATES TO:<br>DIRECT PURCHASER ACTIONS | 2:16-cv-03801-SFC-RSW<br>2:17-cv-13785-SFC-RSW |

## ORDER AND FINAL JUDGMENT

Airflow Catalyst Systems, Inc. (the "Direct Purchaser Plaintiff") on behalf of itself and the Settlement Class members, and Defendants NGK Insulators Ltd. and NGK Automotive Ceramics USA, Inc. (collectively, "NGK"), entered into a Settlement Agreement to fully and finally resolve the Settlement Class's claims against NGK and the other Releasees. On February 21, 2019, the Court entered an Order granting preliminary approval of the proposed NGK settlement (the "Preliminary Approval Order"). By Order dated January 17, 2020 the Court authorized the Direct Purchaser Plaintiff to disseminate notice of proposed settlements with the Corning, DENSO, and NGK Defendants, the fairness hearing, and related matters to the Settlement Classes (the "Notice Order"). Notice was provided to the NGK Settlement Class pursuant to the Notice Order, and the Court held a fairness hearing on July 16, 2020.

Having considered the Direct Purchaser Plaintiff's Motion for Final Approval of Proposed Settlements with the Corning, DENSO, and NGK Defendants, oral argument presented at the fairness hearing, and the complete record in this matter,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Court has jurisdiction over the subject matter of this litigation.

2. Terms capitalized in this Order and Final Judgment and not otherwise defined herein have the same meanings as those used in the Settlement Agreement.

3. The Notice Order outlined the form and manner by which the Direct Purchaser Plaintiff would (and subsequently did) provide the NGK Settlement Class with notice of the settlement, the fairness hearing, and related matters.  The notice program included individual notice via first class mail to members of the NGK Settlement Class who could be identified through reasonable efforts, as well as the publication of a summary notice in *Automotive News*; an online banner notice appeared over a 21-day period on www.AutoNews.com, the digital version of *Automotive News*; and an Informational Press Release targeting automotive industry trade publications was issued nationwide via PR Newswire's "Auto Wire." Finally, a copy of the Notice was (and remains) posted online at www.autopartsantitrustlitigation.com.  Proof that mailing, publication, and posting conformed with the Notice Order has been filed with the Court.  This notice program fully complied with Fed. R. Civ. P. 23, and the requirements of due process.  It provided due and adequate notice to the NGK Settlement Class.

4. The settlement was attained following an extensive investigation of the facts.  It resulted from vigorous arm's-length negotiations, which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

5. The settlement was entered into by the parties in good faith.

6. Final approval of the settlement with NGK is hereby granted pursuant to Fed. R. Civ. P. 23(e), because it is "fair, reasonable, and adequate" to the NGK Settlement Class.  In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the NGK Settlement Class's reaction to the settlement, and the result achieved.

7. The NGK Settlement Class provisionally certified by the Court in its Preliminary Approval Order is hereby certified as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and is composed of: "All individuals and entities who were Direct Purchasers of Ceramic Substrates in the United States from Defendants (or their subsidiaries or affiliates) from July 1, 1999 through October 29, 2018.  Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities."  The Court adopts and incorporates herein all findings made under Rule 23 in its Preliminary Approval Order.

8. The Court's certification of the NGK Settlement Class as provided herein is without prejudice to, or waiver of the rights of any Defendant to contest certification of any other class proposed in these coordinated actions.  The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any Defendant's motion, and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any defendant's motion.

9. The entities identified on Exhibit "A" hereto have timely and validly requested exclusion from the NGK Settlement Class and, therefore, are excluded.  Such entities are not included in or bound by this Order and Final Judgment.  Such entities are not entitled to any recovery from the settlement proceeds obtained through this settlement.

10. The Action and all Released Claims are hereby dismissed with prejudice with respect to the Releasees and without costs. The Releasors are barred from instituting or

prosecuting, in any capacity, an action or proceeding that asserts a Released Claim against any of the Releasees. This dismissal applies only in favor of NGK and the other Releasees.

11. The Escrow Account, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

12. Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

13. This Order and Final Judgment does not settle or compromise any claims by the Direct Purchaser Plaintiff or the Settlement Class against any other Defendant or other person or entity other than NGK and the other Releasees, and all rights against any other Defendant or other person or entity are specifically reserved.

14. Without affecting the finality of this Order and Final Judgment, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order and Final Judgment; (b) the enforcement of the Settlement Agreement; (c) any application for distribution of funds, attorneys' fees or reimbursement of expenses made by Plaintiff's Counsel; and (d) the distribution of the settlement proceeds to Settlement Class members, including any incentive award for the Class Representative.

15. Pursuant to Fed. R. Civ. P. 54, the Court finds that there is no just reason for delay and hereby directs the entry of judgment as to NGK.

**IT IS SO ORDERED.**

Dated: July 16, 2020

s/Sean F. Cox
Sean F. Cox
U. S. District Judge

# EXHIBIT A

AUTOMOTIVE PARTS ANTITRUST LITIGATION, CASE NO. 12-MD-02311, CERAMIC SUBSTRATES, 2:16-cv-03801-SFC-RSW; 2:17-cv-13785-SFC-RSW

REQUESTS FOR EXCLUSION FROM THE DIRECT PURCHASER NGK SETTLEMENT CLASS

| |  |
|---|---|
| **BMW**<br>BMW Manufacturing Co., LLC, along with its parent company (Bayerische Motoren Werke Aktiengesellschaft) and affiliated entities (including BMW of North America, LLC and BMW Consolidation Services Co., LLC)<br><br>**CATALER CORPORATION**<br><br>**FORD**<br>Ford Motor Company and all of its wholly owned divisions, subsidiaries and affiliates<br><br>**GENERAL MOTORS**<br>General Motors LLC ("GM"),<br>General Motors Company, and<br>General Motors Holdings LLC, along with all their subsidiaries (in which GM directly or indirectly owns 50% or more of the voting rights) and majority owned affiliates | |